UCAR INTERNATIONAL INC., UCAR Global Enterprises, Inc. and UCAR Carbon Company, Inc., Plaintiffs–Appellants,

v.

UNION CARBIDE CORPORATION, Mitsubishi Corporation, Mitsubishi International Corporation, Hiroshi Kawamura, and Robert D. Kennedy, Defendants–Appellees.

No. 04–0741–CV.

United States Court of Appeals, Second Circuit.

Dec. 2, 2004.

Robert J. Mathias, Piper Rudnick LLP, New York, N.Y. (John J. Clarke and Arthur F. Ferguson, on the briefs), for Plaintiffs–Appellants.

Nathan P. Eimer, Eimer Stahl Klevorn & Solberg LLP, Chicago, IL (Scott C. Solberg, on the brief), and John E. Schmidtlein, Williams & Connolly LLP, Washington, DC (Jonathan B. Pitt, on the

brief), for Union Carbide Corp. and Robert D. Kennedy.

Theodore V. Wells, Jr., Paul Weiss, Rifkind, Wharton & Garrison LLP, New York, N.Y. (Daniel J. Leffell and David W. Brown, on the brief), for Mitsubishi Corp. and Mitsubishi Int'l Corp.

William J. Schwartz, Kronish Lieb Weiner & Hellman LLP, New York, N.Y. (Celia Goldwag Barenholtz and Jason M. Koral, on the brief), for Hiroshi Kawamura.

PRESENT: CALABRESI, B.D. PARKER, and RAGGI, Circuit Judges.

## SUMMARY ORDER

On February 23, 2000, plaintiff-appellant UCAR International Inc., along with two of its subsidiary companies, UCAR Global Enterprises Inc., and UCAR Carbon Co. Inc. (collectively, "UCAR"), filed suit against its previous controlling stockholders, Union Carbide Corp. ("Union Carbide") and Mitsubishi Corp. ("Mitsubishi"), as well as Mitsubishi International Corp., a Mitsubishi subsidiary; Hiroshi Kawamura, the executive vice president of Mitsubishi, who served as a UCAR director from June 1992 to January 1995; and Robert Kennedy, Union Carbide's former CEO and present UCAR director. In its complaint, UCAR asserted, pursuant to various provisions of Delaware statutory and common law, that the defendants inflicted substantial harm on UCAR by establishing an illegal stock repurchase plain in 1995. For several years prior to the stock repurchase, until a Department of Justice investigation in 1997 that culminated in UCAR's 2000 conviction for criminal antitrust violations, UCAR was a participant in a global price-fixing scheme. UCAR's complaint alleged that the defendants, by executing the stock repurchase plan without informing UCAR's new controlling stockholders of the price-fixing conspiracy's existence, or the distorting effect of the conspiracy on UCAR's stock value, wrongfully obtained $ 750 million from UCAR's corporate treasury.

The defendants moved to dismiss the complaint for failure to state a claim. They also sought to disqualify William Blumenthal, UCAR's attorney (and Union Carbide's former antitrust advisor), along with his law firm, King & Spaulding. On November 7, 2001, the district court (Daniels, J.) disqualified Blumenthal and his firm. On January 26, 2004, UCAR's complaint was dismissed, in its entirety, for failure to state a claim. The court concluded, *inter alia,* that because UCAR was convicted of criminal antitrust violations for participating in the same price-fixing scheme that formed the basis for its complaint against defendants, plaintiff's claims were barred by the *in pari delicto* doctrine. UCAR now appeals the district court's order of dismissal, as well as its decision to disqualify attorney Blumenthal.

In reviewing the dismissal of a complaint under Rule 12(b)(6), we must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See, e.g., United States v. City of New York,* 359 F.3d 83, 91 (2d Cir.2004). "General, conclusory allegations need not be credited, however, when they are belied by more specific allegations of the complaint." *Hirsch v. Arthur Andersen & Co.,* 72 F.3d 1085, 1092 (2d Cir. 1995). In addition to the complaint itself, a court may consider "all papers and exhibits appended to the complaint, as well as any matters of which judicial notice may be taken." *Id.*

Applying those standards to this case, the district court did not err in dismissing UCAR's complaint. The *in pari delicto* defense prohibits suits in which the plaintiff is as or more culpable than the defen-

dant in the conduct forming the basis for the complaint. *See Bateman Eichler, Hill Richards Inc. v. Berner,* 472 U.S. 299, 306–07, 105 S.Ct. 2622, 86 L.Ed.2d 215 (1985). The pleadings, taken together with the facts of which the district court took judicial notice—including UCAR's admissions in its plea to criminal antitrust violations—establish that the defense applies in this case. UCAR seeks to avoid this conclusion by arguing that defendants' wrongdoing—the alleged violation of Delaware law regarding dividend and stock purchase payments in excess of surplus—is distinct from the corporation's admitted antitrust violations. In fact, the law does not require defendants' and UCAR's wrongdoing to be of an identical nature for the *in pari delicto* defense to apply. *See Peltz v. SHB Commodities, Inc.,* 115 F.3d 1082, 1090–91 (2d Cir.1997); *cf. Ross v. Bolton,* 904 F.2d 819, 824 (2d Cir.1990). In this case, it is undisputed that defendants' violation of Delaware law depends on proof of an antitrust conspiracy, in which UCAR was indisputably complicit. And although we recognized in *Kalb, Voorhis & Co. v. American Financial Corp.,* 8 F.3d 130 (2d Cir.1993), that the *in pari delicto* doctrine does not apply when a plaintiff is forced to act through "domination and control," *id.* at 133, UCAR's allegations of "domination and control" are belied by (1) its admission of willful behavior during its plea colloquy in its criminal case; and, most particularly, (2) the fact that UCAR continued to participate in the price-fixing conspiracy long after defendants were no longer its shareholders or directors. Under these circumstances, *Kalb* does not bar the application of the defense.

UCAR's challenge to the district court's disqualification order is also unavailing, and we reject it for substantially the reasons expressed by the district court.

We have considered all of UCAR's arguments and find them to be without merit. The judgment of the district court is therefore AFFIRMED.